JULIE R.F. GERCHIK – State Bar No. 237764
jgerchik@glaserweil.com
MICHAEL GOSLING – State Bar No. 305845
mgosling@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Phone:  (310)553-3000
Fax: (310) 556-2920

*Attorneys for Non-Party William Gross*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>              Plaintiff,<br><br>v.<br><br>JENNIFER GROSS,<br><br>              Defendant. | Case No.<br><br>Hon.<br><br>**NON-PARTY WILLIAM GROSS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR FOR PROTECTIVE ORDER** |

I. **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 45, non-party William Gross ("Mr. Gross") moves to quash the deposition and document subpoenas served by Plaintiff John Doe in *Doe v. Gross*, Case No. 1:23-cv-06325-JPC, currently pending in the Southern District of New York, or in the alternative, for a protective order under Federal Rule of Civil Procedure 26.  Mr. Gross also respectfully requests that the Court stay any compliance with or enforcement of the subpoenas until resolution of this motion and, along with this filing, has submitted a proposed order to that effect.

Mr. Gross is Defendant Jennifer Gross's father.  He is in his 80s.  He has no personal knowledge related to the underlying matter in which Plaintiff alleges that Ms. Gross sexually assaulted him fourteen years ago.  Because Mr. Gross has no information relevant to any party's claim or defense—and indeed has nothing at all to do with this case—Ms. Gross will not be calling him at trial.  *See* Gosling Decl. ¶ 3.  For these reasons, requiring Mr. Gross to search for documents necessarily imposes an undue burden and could only be intended to annoy, embarrass, and oppress.  Mr. Gross will likely be forced to engage a discovery vendor only to confirm, given how old the claims in the case are and Mr. Gross's complete lack of involvement in the subject matter, that he has no relevant documents.  Given this context, requiring Mr. Gross to sit for a deposition and listen to salacious claims about his own daughter imposes a serious burden and is even more obviously a ploy to annoy, embarrass, and oppress Mr. Gross (and Ms. Gross) in order to pressure Ms. Gross into settling an utterly meritless case.

Although Mr. Gross has no evidence to offer regarding Plaintiff's allegations, he does have something Plaintiff wants: money.  Plaintiff's plan, it appears, is to force Mr. Gross to choose between (1) having to listen to horrifying, totally unfounded allegations about his daughter's sex life, or (2) having to in some way support settlement of this case so that he does not have to endure such torment.  Such weaponization of discovery should not be allowed, much less of a third-party

subpoena to the 81-year-old father of a woman in connection with claims that have nothing to do with him but rather center on his daughter's sex life. Accordingly, Mr. Gross respectfully asks the Court to quash the subpoenas or issue a protective order prohibiting the document discovery and deposition.

## II.  BACKGROUND

Plaintiff Doe initiated the underlying action in July 2023 and filed the operative First Amended Complaint in December 2023. Case No. 1:23-cv-06325-JPC (S.D.N.Y.) ECF 19. The FAC alleges claims for (1) sexual abuse under New York Civil Practice Law & Rules section 213-c; (2) sexual assault under New York common law; (3) sexual assault under California common law; and (4) violations of New York City's Victims of Gender-Motivated Violence Protection Law. *See generally id.* As the court made clear in granting in part Ms. Gross's motion to dismiss, the FAC is premised entirely on allegations of sexual assault—and nothing else. *Id.*, ECF 30, at 16–17.

Ms. Gross served initial disclosures on October 22, 2024, Gosling Decl. ¶ 3, Ex. A, and amended initial disclosures on April 29, 2025, *id.* ¶ 4, Ex. B. Mr. Gross was <u>not</u> listed in either, because Ms. Gross does not intend to use Mr. Gross to support her defense. *Id.*; *see also* Fed R. Civ. P. 26(a)(1)(A)(i). Ms. Gross served interrogatory responses on December 20, 2024. Gosling Decl. ¶ 5, Ex. C. When asked to identify "all persons who have any knowledge concerning any of the claims or defenses asserted in this action," Ms. Gross did <u>not</u> list Mr. Gross—once again, because Mr. Gross has no personal knowledge and thus no evidence to offer with respect to allegations of sexual assault between Plaintiff and Ms. Gross. *See id.*

Plaintiff took Ms. Gross's deposition on April 3, 2025. *Id.* ¶ 6. With respect to any possible knowledge Mr. Gross might have about Plaintiff's allegations, Ms. Gross's relevant testimony was:

- Mr. Gross met Plaintiff once. *Id.*
- Ms. Gross did <u>not</u> talk to Mr. Gross about her deposition. *Id.* ¶ 6, Ex. D at

10:8–11.

- Mr. Gross did <u>not</u> *even know Plaintiff's name* at the time when Plaintiff and Ms. Gross became engaged in Paris. Nor did Mr. Gross even know that Plaintiff and Ms. Gross were engaged. *Id.* at 109:8–20.
- Ms. Gross did <u>not</u> talk to Mr. Gross about his feelings about their marriage when Plaintiff and Ms. Gross married. *Id.* at 174:14–16.
- While Ms. Gross very generally spoke with Mr. Gross about Plaintiff, *id.* at 228:2–4, Mr. Gross "wouldn't know anything pertinent to this case," *id.* at 226:18–21.

In sum, Ms. Gross's testimony makes clear that Mr. Gross: (1) met Plaintiff only *one time*, fourteen years ago; (2) other than this one instance, never saw Plaintiff and Ms. Gross together; and (3) has no personal knowledge regarding Plaintiff and Ms. Gross's sex life during their very brief marriage, much less any purported sexual assault of Plaintiff by Ms. Gross.

Even though Mr. Gross has nothing to offer, counsel for Plaintiff indicated to Ms. Gross an intention to serve a subpoena for his deposition in the underlying matter. Gosling Decl. ¶ 7. In response, counsel for Ms. Gross initiated a telephonic meet-and-confer, explaining that discovery to Mr. Gross was not justified under Federal Rules of Civil Procedure 26 and 45. *Id.* ¶ 8. Counsel for Plaintiff disagreed and served a deposition subpoena and document subpoena on August 8, 2025. *Id.* ¶¶ 8–10. The document subpoena required production within five days and included a request for "[a]ll documents or communications to, from, by, among, involving, relating to, or mentioning" Ms. Gross, unlimited by time, and regardless of whether those documents and communications are related to Plaintiff or the underlying case. *Id.* ¶ 10, Ex. E. The deposition subpoena set Mr. Gross's deposition for August 20 at 1:00 p.m. PT. *Id.* This motion follows.

### III. <u>LEGAL STANDARDS</u>

"On timely motion, the court for the district where compliance is required must

quash or modify a subpoena that . . . fails to allow a reasonable time to comply [or] . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3).  When evaluating "undue burden," courts may account for the scope of discovery permitted by Rule 26.  *See* Fed. R. Civ. P. 26(b)(1).  For example, "courts have incorporated relevance as a factor when determining motions to quash a subpoena." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).  "The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-CV-01967 CW NC, 2012 WL 4846522, at *2 (N.D. Cal. Aug. 7, 2012).  To that end, "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs in a Rule 45 inquiry." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) (internal quotations and alterations omitted).

Separately, "any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1).  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, for example, "forbidding the disclosure or discovery[.]" *Id.*

## IV. ARGUMENT

The Court should quash both subpoenas under Rule 45 (or, alternatively, protect Mr. Gross under Rule 26) because Mr. Gross has no personal knowledge regarding the allegations in Plaintiff's FAC.[1]  His testimony is far from "essential,"

---

[1] The Court should quash the document subpoena for two additional reasons.  First, in setting the return date for five days after service, Plaintiff did not provide adequate time for Mr. Gross's compliance.  *E.g.*, *Chaudhry v. Angell*, No. 1:16-CV-01243-SAB, 2021 WL 1666988, at *5 (E.D. Cal. Apr. 28, 2021) (recognizing that "a

yet the burden on him "would be great"; consequently, "the balance of interests weigh strongly in favor" of quashing the subpoena. *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 413 (C.D. Cal. 2014).

It is black letter law that a non-party should not be subjected to the burden of discovery that can otherwise be provided by a party. *AECOM Tech. Servs., Inc. v. Zachry Constr. Corp.*, No. 219MC00201JAKRAOX, 2020 WL 1934973, at *4 (C.D. Cal. Feb. 3, 2020) (granting motion to quash where non-party was asked to produce and testify regarding documents "from 14–15 years ago"); *Stockinger v. Toyota Motor Sales, U.S.A., Inc.*, No. 18MC00088VAPKSX, 2018 WL 6136778, at *2 (C.D. Cal. Aug. 15, 2018) (granting motion to quash because issuing party did not demonstrate that the non-party "can provide any relevant or unique testimony . . . that cannot be more readily obtained from Plaintiff").

Here, Mr. Gross is not alleged to have witnessed any sexual relations between the parties. Ms. Gross testified that Mr. Gross met Plaintiff ***one time and one time only***. Gosling Decl. ¶ 6. Although Mr. Gross is generally aware of Ms. Gross's short-lived relationship with Plaintiff, his testimony on that subject would be limited to what Ms. Gross told him. Moreover, Plaintiff can obtain—and in fact already has obtained—that same information from Ms. Gross herself. *See* Section II., *supra*. As such, Mr. Gross, "as a non-party, should not have to provide discovery that can be produced by a party." *AECOM*, 2020 WL 1934973, at *4.

---

response time of less than one week is not reasonable"). Second, "[c]ourts have found that a subpoena for documents from a non-party is facially overbroad where the subpoena's document requests seek all documents concerning the parties to the underlying action, regardless of whether those documents relate to that action and regardless of date[.]" *Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 450 (N.D. Tex. 2015) (collecting cases); *Duong v. Groundhog Enters., Inc.*, No. 2:19-CV-01333-DMG-MAA, 2020 WL 2041939, at *5 (C.D. Cal. Feb. 28, 2020) (finding subpoena "imposed an undue burden on TSYS because it sought irrelevant documents and documents that could be obtained from a party").

*Amini Innovation Corp.*, a published case from the Central District, is particularly instructive. 300 F.R.D. 406. In *Amini Innovation Corp.*, non-party subpoena recipient Jane Seymour argued that her "testimony would, *at best*, be cumulative and duplicative of the party witnesses." *Id.* at 408 (emphasis in original). The court agreed, granting her motion to quash because the value of Seymour's testimony "appear[ed] to be low or at best unknown" and the information was obtainable from the parties. *Id.* at 411. The court further found that, "[i]n contrast to the relatively low value of Seymour's testimony, the burden on Seymour is substantial." *Id.* at 412. As the court recognized, "[p]reparing and sitting for a deposition is always a burden, even when documents are not requested, particularly for a non-party." *Id.*

Because the subpoenaing party "ha[d] not shown that Seymour's testimony is ***essential***, and the burden on Seymour in complying with the subpoena would be great," "the balance of interests weigh[ed] strongly in favor of Seymour." *Id.* at 413 (emphasis added); *see also Briggs v. Cnty. of Maricopa*, No. CV-18-02684-PHX-EJM, 2021 WL 1192819, at *3 (D. Ariz. Mar. 30, 2021) (recognizing that "[i]n the third-party subpoena context," courts often "demand[] a stronger-than-usual showing of relevance, requiring the requesting party to demonstrate that its need for discovery outweighs the nonparty's interest in nondisclosure"). That balancing test weighs strongly in favor of quashing the subpoenas here as well. Mr. Gross's testimony is far from "essential," and forcing a man in his 80s to prepare and sit for a deposition, and comply with a facially invalid and overbroad subpoena, undoubtedly imposes a significant burden.

The court in *Amini Innovation* was also concerned that the subpoenaing party's "motive may not have been to obtain actual discovery, but some sort of strategic advantage." *Id.* Plaintiff's desire to depose an 81-year-old non-party with no personal knowledge and no uniquely relevant information raises that same concern here. Indeed, common sense suggests that Plaintiff is only seeking Mr. Gross's

documents and deposition to gain leverage in settlement negotiations by subjecting him (and his daughter) to a detailed discussion of his daughter's sex life that is plainly intended to annoy, embarrass, and burden. That contravenes not just Rule 45 and Rule 26 but also Rule 1, which requires that the federal rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed R. Civ. P. 1. Accordingly, and because Mr. Gross does not have any information relevant to this case, the Court should grant his motion to quash or, in the alternative, for a protective order.

## V. **CONCLUSION**

For the foregoing reasons, Mr. Gross respectfully asks the Court to issue an order quashing the document and deposition subpoenas under Rule 45 or, in the alternative, prohibiting the discovery, including the deposition, under Rule 26.

DATED: August 14, 2025

Respectfully submitted,

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

By: */s/ Julie R.F. Gerchik*
Julie R.F. Gerchik
*Attorney for Non-Party
William Gross*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for non-party William Gross, certifies that this brief contains 2,211 words, which complies with the word limit of L.R. 11-6.1.

DATED: August 14, 2025

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP


By: */s/ Julie R.F. Gerchik*
     Julie R.F. Gerchik
     *Attorney for Non-Party*
     *William Gross*